751 F.2d 1191
 Ronald E. PAYNE, Individually and on behalf of himself and
others similarly situated, Plaintiffs-Appellees,
v.
John R. BLOCK, Individually and as Secretary of the United
States Department of Agriculture, et al.,
Defendants-Appellants,
v.
James J. COLLINS, Movant-Appellant-Intervenor.
 No. 81-5365.
 United States Court of Appeals,
Eleventh Circuit.
 Jan. 31, 1985.
 
 Richard Olderman, Robert E. Kopp, Dept. of Justice, Civil Div., Washington, D.C., for Block, FHA, Dept. of Agriculture.
 William R. King, Haas, Holland, Lipshutz, Levison & Gibert, Atlanta, Ga., for intervenor Collins.
 J. Victor Africano, Live Oak, Fla., Moorey, Seals & Garvin, Theodore L. Tripp, Jr., Fort Myers, Fla., for plaintiffs-appellees.
 Appeals from the United States District Court for the Middle District of Florida.
 On Remand from the Supreme Court of the United States
 Before GODBOLD, Chief Judge, HENDERSON and CLARK, Circuit Judges.
 PER CURIAM:
 
 
 1
 On October 1, 1984, the United States Supreme Court vacated our decision in this case, 714 F.2d 1510 and 721 F.2d 741, and remanded, --- U.S. ----, 105 S.Ct. 65, 83 L.Ed.2d 15. We were directed to reconsider our decision in light of Heckler v. Community Health Services of Crawford County, Inc., 467 U.S. ----, 104 S.Ct. 2218, 81 L.Ed.2d 42 (1984).
 
 
 2
 The question presented in Heckler, supra was "whether the government is estopped from recovering these funds because respondent relied on the express authorization of a responsible government agent in making the expenditures." Id. 104 S.Ct. at 2220. The respondent community agency received CETA funds with which it hired extra employees to provide additional home health care services for Medicare patients. It billed the Medicare program for these same employee salaries upon advice of a government agent that CETA funds were "seed money" properly reimbursable within the meaning of the Provider Reimbursement Manual. This advice proved erroneous and the government sought recovery of the funds. The Supreme Court held that the government was not estopped from recovering the funds in question since the respondent had not demonstrated that the traditional elements of an estoppel were present. See 104 S.Ct. at 2226 and notes 17-21.
 
 
 3
 We have considered the opinion of the Supreme Court and conclude that it does not control the decision in the case sub judice. The liability of the United States Department of Agriculture in this case is based upon the failure of its agency, The Farmers Home Administration, to follow law enacted by Congress, and its own regulations. The plaintiffs did not seek relief based on reliance upon agency action that created an estoppel. The plaintiffs alleged and proved to the satisfaction of the district court that the agency failed to act in accordance with the law. Holding that government agents must be aware of the law and must obey it, just as private agencies were required in Heckler, supra, we abided by the opinions of the Supreme Court in United States ex rel. Accardi v. Shaughnessy, 347 U.S. 260, 74 S.Ct. 499, 98 L.Ed. 681 (1954) (Board of Immigration Appeals must afford that due process required by the regulations) and Morton v. Ruiz, 415 U.S. 199, 235, 94 S.Ct. 1055, 1074, 39 L.Ed.2d 270, 293 (1974) ("Where the rights of individuals are affected, it is incumbent upon agencies to follow their own procedures. This is so even where the internal procedures are possibly more rigorous than otherwise would be required." 415 U.S. at 235, 94 S.Ct. at 1074).
 
 
 4
 Having carefully reviewed our prior opinions and the opinion in Heckler v. Community Health Services, supra, we adhere to our prior decision which is hereby reinstated.
 
 The decision of the district court is
 
 5
 AFFIRMED.